KLESTADT & WINTERS, LLP
Tracy L. Klestadt
Proposed Counsel to the
Official Committee of Unsecured Creditors
292 Madison Avenue, 17th Floor
New York, New York 10017
(212) 972-3000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Dreier LLP | : | Case No. 08-15051 (SMB) |
| | : | |
| Debtor. | : | |
| | : | |

**AFFIDAVIT OF DISINTERESTEDNESS IN SUPPORT OF APPLICATION
TO EMPLOY KLESTADT & WINTERS, LLP
AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

STATE OF NEW YORK      )
                                         ) SS.:
COUNTY OF NEW YORK  )

    TRACY L. KLESTADT, being duly sworn, deposes and says:

    1. I am an attorney at law, duly admitted to practice in the State of New York, as well as before the United States District Courts for the Southern and Eastern Districts of New York and District of New Jersey, as well as the United States Court of Appeals for the Second Circuit. I am a partner of the law firm known as Klestadt & Winters, LLP ("K&W"). K&W maintains an office for the practice of law at 292 Madison Avenue, 17th Floor, New York, New York 10017.

    2. I am familiar with the matters set forth herein and make this affidavit in support of the application of the Official Committee of Unsecured Creditors ("Committee") of

1

Dreier LLP, in the above-captioned Chapter 11 case (the "<u>Debtor</u>") for authority to retain K&W as counsel to the Committee.

3.  Insofar as I have been able to ascertain, K&W does not hold and does not represent any interest adverse to the Committee, the Debtor, their creditors, landlords, professionals or any other party in interest herein, or their respective attorneys or professionals, except as disclosed herein.

4.  To the best of my knowledge, after due inquiry, K&W:

(a) is not a creditor, and is not an equity security holder or an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code;

(b) is not and has never been an investment banker for any outstanding security of the Debtor;

(c) is not and has not been, within three years before December 16, 2008 (the "Petition Date"), an investment banker for a security of the Debtor, nor an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor;

(d) is not and has not been, within two years before the Petition Date, a director, officer, or employee of the Debtor or of an investment banker specified in subparagraphs (b) and (c) of this paragraph; and

(e) does not have an interest materially adverse to the interest of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in subparagraphs (b) and (c) of this paragraph, or for any other reason.  Accordingly, I believe K&W is "disinterested", as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

5. K&W maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters. I have reviewed such records to determine K&W's connections with the Committee, the Debtor, their creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee. In addition, I have reviewed relationships that K&W has with potential parties in interest to determine if any of such relationships give rise to an actual or potential conflict of interest or otherwise affect its disinterestedness.

6. Subject to court approval in accordance with section 330(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), compensation will be payable to K&W's office on an hourly basis, plus reimbursement of actual, necessary expenses incurred. I have a current standard hourly rate of $565 per hour; other partners of the firm bill from $395 to $465 per hour; associates bill from $175 to $375 per hour; and the firm's paralegals bill at $150 per hour. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, and are expected to increase on January 1, 2010.

7. The hourly rates set forth above are standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate K&W for its work, the work of its associates and its paralegals, and any other professionals it may utilize and to cover fixed and routine overhead expenses. K&W's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things, telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in

3

accordance with the Guidelines of this Court. K&W believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spreading the expenses among all clients.

        8.     This Affidavit is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). K&W intends to apply to this Court for compensation for professional services rendered in connection with this case. K&W has not received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. K&W does not have an agreement with any other entity to share with such entity any compensation K&W receives.

        9.     Insofar as I have been able to ascertain, K&W does not represent any interest adverse to Committee, the Trustee, the Debtor, its creditors, landlords, professionals or any other party in interest herein, or their respective attorneys or professionals in the matters for which K&W is to be engaged. Except as may be stated above, I believe that K&W is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

                                                                                             /s/ Tracy L. Klestadt  
                                                                                                Tracy L. Klestadt

Sworn to before me this  
13th day of January, 2009

/s/ Sean C. Southard  
Notary Public