# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                     :

UNITED STATES OF AMERICA                  COORDINATION AGREEMENT
                                     :

          -v.-                      S1 09 Cr. 85 (JSR)

                                       :

MARC DREIER,
                                       :

          Defendant.

- - - - - - - - - - - - - - - - x

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                     :

In re                                08-15051 (SMB)

                                     :

DREIER LLP,
                                     :

          Debtor.

- - - - - - - - - - - - - - - - x

          **WHEREAS**, on or about December 24, 2008, the Honorable

Jed S. Rakoff, sitting in Part I, signed a temporary,

pre-indictment restraining order (the "December 24, 2008

Restraining Order"), upon an _ex parte_ application by the United

States Attorney's Office for the Southern District of New York

("USAO-SDNY");

          **WHEREAS**, on or about January 12, 2009, the Honorable

Colleen McMahon, sitting in Part I, signed a consent order (the

"January 12, 2009 Restraining Order"), extending the December 24,

2008 Restraining Order by 45 days;

          **WHEREAS**, the January 12, 2009 Restraining Order

authorized the United States Marshals Service ("USMS") to take

custody of, among other properties, the artworks listed as Items 1 through 20 in Schedule 1 of this Coordination Agreement;

WHEREAS, on or about February 26, 2009, this Court signed a Post-Indictment Consent Order for Extension of Restraining Order and Seizure of Property (the "February 26, 2009 Restraining Order"), extending the December 24, 2008 Restraining Order pending further order of the Court;

WHEREAS, the February 26, 2009 Restraining Order authorized the USMS to take custody of, among other properties, the artworks listed as Items 21 through 95 in Schedule 1 of this Coordination Agreement;

WHEREAS, in or about February 2009, the USMS took custody of the artworks identified in Schedule 1 of this Coordination Agreement (collectively, the "Seized Artworks");

WHEREAS, on March 17, 2009, Marc Dreier, the defendant, was charged in an eight-count superseding Indictment, S1 09 Cr. 85 (JSR) (the "Indictment"), with securities fraud offenses in violation of Title 15, United States Code Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code Section 2 (Counts One and Two); wire fraud offenses, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Three through Seven); and money laundering, in violation of Title 18, United States Code, Section 1956 (Count Eight);

2

**WHEREAS**, on May 11, 2009, the defendant pled guilty to all counts of the Indictment;

**WHEREAS**, on July 13, 2009, the defendant was sentenced and ordered to forfeit:

> (1)   a sum of $746,690,000 in United States currency, representing the amount of proceeds obtained as a result of the fraud offenses alleged in Counts One through Seven, as well as property involved in the money laundering offense alleged in Count Eight; and

> (2)   the specific properties (the "Specific Properties") listed in Schedule A of the Court's Preliminary Order of Forfeiture, dated July 13, 2009 (the "Preliminary Order of Forfeiture");

**WHEREAS**, on July 13, 2009, the Court entered an Order of Forfeiture/Preliminary Order of Forfeiture as to Specific Properties (the "Preliminary Order") imposing a forfeiture money judgment against the defendant, in the amount of $746,690,000, and forfeiting all of the defendant's right, title and interest in the Specific Properties;

**WHEREAS**, on or about December 30, 2008, Sheila M. Gowan, was appointed the Chapter 11 Trustee for Dreier LLP (the "Chapter 11 Trustee"), in In Re Dreier LLP, 08-15051 (SMB) (the "Chapter 11 Case");

**WHEREAS**, the Seized Artworks are not among the artworks listed in the Schedule A of the Preliminary Order of Forfeiture;

**WHEREAS**, the Chapter 11 Trustee represents that she is authorized to take possession of the Seized Artworks;

3

WHEREAS, the USAO-SDNY and the Chapter 11 Trustee
desire to resolve their respective claims to the Seized Artworks
and the Specific Properties;

WHEREAS, in order to resolve any potential claims by
the Chapter 11 Trustee to the Seized Artworks and the Specific
Properties, the Government has agreed to request that the Court
vacate the February 26, 2009 Restraining Order as to the Seized
Artworks, and the Chapter 11 Trustee has agreed that, if said
order is so vacated, the Chapter 11 Trustee will not file a
petition or claim, or assist others in filing a petition or
claim, or otherwise take any action to contest the forfeiture of,
any of the Specific Properties, or any properties that are the
subject of the Consent Order of Forfeiture (the "GSO Consent
Order of Forfeiture"), signed on or about December 21, 2009,
between the Government and the GSO Facilities (as that term is
defined in GSO Consent Order of Forfeiture);

WHEREAS, the Chapter 11 Trustee requires that this
Coordination Agreement be contingent upon judicial approval of
the Agreement, dated in or about December 2009, between the
Chapter 11 Trustee and GSO (the "GSO-Chapter 11 Trustee
Agreement");

NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED AND
AGREED that:

4

1.    The February 26, 2009 Restraining Order is hereby vacated as to the Seized Artworks. The USMS shall release the Seized Artworks to the Chapter 11 Trustee or her designated agent.

2.    Subject to paragraph 1, the Chapter 11 Trustee shall not file a petition or claim, or assist others in filing a petition or claim, or otherwise take any action to contest the forfeiture of, any of the Specific Properties.

3.    Subject to paragraph 1, the Chapter 11 Trustee shall not file a petition or claim, or assist others in filing a petition or claim, or otherwise take any action to contest the forfeiture of, any property that is the subject of the Consent Order of Forfeiture.

4.    Subject to Paragraphs 2 and 3, the USAO-SDNY shall not seek to forfeit or assert a right with respect to the proceeds of any actions seeking to avoid fraudulent transfers or preferences brought by the Chapter 11 Trustee against the persons and entities identified in the attached Schedule 2.

5.    This Coordination Agreement shall not constitute a waiver of any right(s) that the Chapter 11 Trustee may have in any forfeiture proceedings to file a claim or petition for, or otherwise contest the forfeiture of, any properties that are not listed in Schedule A of the Preliminary Order of Forfeiture or in the GSO Consent Order of Forfeiture.

5

6.    This Coordination Agreement shall not constitute a waiver of the USAO-SDNY's right(s) to bring criminal or civil forfeiture proceedings against any proceeds of Dreier's criminal offenses that are discovered after the date of this Coordination Agreement, including any properties owned or controlled by the persons and entities listed in Schedule 2.

7.    Notwithstanding the foregoing, nothing in this Coordination Agreement shall be read to impair in any way the rights or recoveries of the United States of America in connection with any claims filed by the United States or its agencies in the Chapter 11 Case, or any rights of setoff under the Bankruptcy Code, all of which rights are explicitly reserved.

8.    The Chapter 11 Trustee is hereby barred from asserting, or assisting others in asserting, any claim against the United States and any and all agents and employees of the United States (including but not limited to the Department of Justice ("DOJ"), the USAO-SDNY, the United States Postal Inspection Service ("USPIS"), the USMS, and any agents and employees of the United States, the DOJ, the USAO-SDNY, the USPIS, and the USMS), in connection with or arising out of the seizure, restraint, and/or constructive possession of the Seized Artworks, including, but not limited to, any claim that there was no probable cause to seize the Seized Artworks, that the Chapter

6

11 Trustee is a prevailing party, or that the Chapter 11 Trustee
is entitled to attorney's fees or any award of interest.

9.   The Chapter 11 Trustee agrees to hold harmless and
indemnify the United States and any and all agents and employees
of the United States (including but not limited to the DOJ, the
USAO-SDNY, the USPIS, the USMS, and any agents and employees of
the United States, the DOJ, the USAO-SDNY, the USPIS, and the
USMS), from any and all third-party claims of ownership of the
Seized Artworks.

10.   Each party to this Coordination Agreement shall
bear its own costs and attorney's fees.

11.   This Coordination Agreement may be executed in
counterparts, each of which shall be deemed an original, and all
of which, when taken together, shall be deemed the complete
Coordination Agreement.   Fax or PDF copies shall be treated as
originals.

12.   The parties hereby waive all rights to appeal or
to otherwise challenge or contest the validity of this
Coordination Agreement.

13.   The Court shall have exclusive jurisdiction over
the interpretation and enforcement of this Coordination
Agreement.

7

14.   This Coordination Agreement constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

15.   This Coordination Agreement shall not become effective until the GSO-Chapter 11 Trustee Agreement is approved by Chief Judge Bernstein in the Chapter 11 Case.

16.   Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 9014 or otherwise, and subject to the provisions of paragraph 15 above, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.   The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Anna E. Arreola, One St. Andrew's Plaza, New York, New York 10007.

Agreed and consented to:

**PREET BHARARA**
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____          12/18/09
SHARON COHEN LEVIN                    _____
Chief, Asset Forfeiture Unit          DATE
One St. Andrew's Plaza
New York, New York 10007
Tel. (212)637-2218
Fax (212) 637 0421

**SHEILA M. GOWAN**
Solely in her capacity as
Chapter 11 Trustee for Dreier LLP

By: _____          12/18/09
620 Eighth Avenue, 39ᵗʰ Floor        _____
New York, New York 10018             DATE
Tel. (212) 430-5400
Fax (212) 430-5499

SO ORDERED:


_____              _____
HONORABLE JED S. RAKOFF              DATE
UNITED STATES DISTRICT JUDGE


SO ORDERED:


_____              _____
HONORABLE STUART M. BERNSTEIN        DATE
CHIEF U.S. BANKRUPTCY JUDGE


9

## SCHEDULE 1

1.  Lithograph screenprint by John Baldessari, "Two Bowlers (with Questioning Person)" (1994);

2.  Photogravure by John Baldessari, "Paradise" (1989-90);

3.  Lithograph by Vija Celmins, "Untitled (Ocean)" (1972);

4.  Aquatint by Henri Matisse, "Grand Masque" (1948);

5.  Aquatint by Henri Matisse, "Nadia aux cheveux lisses" (1948);

6.  Aquatint by Henri Matisse, "Nadia au profil aigu" (1948);

7.  Three aquatints by Dan Flavin, "Untitled (Triptych)" (1996-98);

8.  Series of four silver-gelatin prints by Ed Ruscha, "Rooftops" (1961/2004);

9.  Acrylic and pastel on paper by Peter Alexander, "Study for Gas" (1989);

10. Acrylic on canvas by Lorser Feitelson, "Untitled (February 28)" (1971);

11. Ilfochrome by Robert Flick, "At Cambria-A_01082401 (at Cambria Looking West)" (2001);

12. Ilfochrome by Robert Flick, "At Cambria-B_01082401 (at Cambria Looking West)" (2001);

13. Cibachrome print by Robert Flick, "LD SV970121 Almeda B, Los Angeles, CA" (1997);

14. Lithograph and etching by David Hockney, "Picture of Two Chairs, from Moving Focus Series" (1985-86);

15. Lithograph by David Hockney, "The Wave, A Lithograph" (1990);

16. Gelatin silver print by Julius Shulman, "Case Study House #22 (2 Girls) (Pierre Koenig, architect, 1959)" (1960);

17. Screenprint by Andy Warhol, "Space Fruit: Still-Lifes (Cantaloupes)" (1979);

18. Screenprint by Andy Warhol, "Martha Graham: Letter to the World (The Kick)" (1986);

19. Print by Eric Perez, "Don Q Puerto Rican Rum" (unknown) Edition 17 of 300;

20. Bronze sculpture by JR Summers, "Man & Boy" (unknown);

21. Silkscreen by Josef Albers, "Soft Edge-Hard Edge" (1965);

22. Silkscreen by Josef Albers, "Soft Edge-Hard Edge" (1965);

23. Silkscreen by Josef Albers, "Soft Edge-Hard Edge" (1965);

24. Silkscreen by Josef Albers, "Soft Edge-Hard Edge" (1965);

25. Silkscreen by Josef Albers, "Soft Edge-Hard Edge" (1965);

26. Silkscreen by Josef Albers, "Soft Edge-Hard Edge" (1965);

27. Silkscreen by Josef Albers, "Soft Edge-Hard Edge" (1965);

28. Silkscreen by Josef Albers, "Soft Edge-Hard Edge" (1965);

29. Silkscreen by Josef Albers, "Soft Edge-Hard Edge" (1965);

30. Silkscreen by Josef Albers, "Soft Edge-Hard Edge" (1965);

31. Lithograph by Willem De Kooning, "Quatre Lithographies: One Plate" (1986);

32. Woodcut printed in colors by Richard Deibenkorn, "Ochre" (1983);

33. Lithograph by Philip Guston, "Sea" (1981);

34. Lambda print in colors by Damien Hirst, "Lysergic Acid Diethylamide (square colored dots)" (2000);

35. Lambda print in colors by Damien Hirst, "Valium" (2000);

36. Lithograph by David Hockney, "Potted Daffodils" (1980);

37. Lithograph by Jasper Johns, "Cicada" (1981);

38. Screenprint by Jasper Johns, "Usuyuki" (1981);

39. Lithograph by Ellsworth Kelly, "Blue Curve" (1968);

40. Pressed paper pulp by Ellsworth Kelly, "Colored Paper Image XVI" (1987);

41. Screenprint by Ellsworth Kelly, "Four Panels" (1970-71);

42. Lithograph by Ellsworth Kelly, "Green/Black" (1976);

43. Lithograph by Ellsworth Kelly, "Green/White" (1970-72);

44. Four color lithograph by Ellsworth Kelly, "Purple, Red, Grey, Orange" (1967);

45. Lithograph by Ellsworth Kelly, "Yellow/Black" (1970);

46. Oil on canvas by Pierre Letellier, "Nature Morte Au Pichet Bleu" (unknown);

47. Woodcut and screenprint by Roy Lichtenstein, "Imperfect for B.A.M." (1987);

48. Lithograph by Gerhard Richter, "1260 Farben" (1974);

49. Screenprint by Gerhard Richter, "9 Von 180 Farben" (1971);

50. [Unknown media] by Duke Snyder, "Autographe d Photo" (unknown);

51. Lithograph and screenprint by Frank Stella, "Port Aux Basques" (1971);

52. Lithograph by Frank Stella, "River of Ponds II (A.51)" (1971);

53. Lithograph and screenprint by Frank Stella, "Sinjerli Variations 1A" (1977);

54. Woodcut by Donald Sultan, "Black Flowers September 26, 1999" (1999);

55. Woodcut by Donald Sultan, "Blue Flowers May 19, 1999" (1999);

56. Woodcut by Donald Sultan, "Four Red Flowers May 17, 1999" (1999);

57. Print by Tito, "Colored Rectangles" (unknown);

3

58.  Print by Tito, "Colored Triangles" (unknown);

59.  [Unknown media] by unknown, "Etchings" (unknown);

60.  [Unknown media] by unknown, "Untitled" (1988) Edition
     104/200;

61.  [Unknown media] by unknown, "Untitled" (1988) Edition
     104/200;

62.  [Unknown media] by unknown, "Untitled" (1988) Edition
     103/200;

63.  Screenprint by Andy Warhol, "Flowers (F. & S. 11.69)"
     (1970);

64.  Screenprint by Andy Warhol, "Flowers (F. & S. 11.71)"
     (1970);

65.  Screenprint by Andy Warhol, "Flowers (F. & S. 11.72)"
     (1970);

66.  [Unknown media] by Howard Behrens, "Untitled" (unknown);

67.  [Unknown media] by Kjell Engman, "3 Kosta Boda Glass
     Bottles" (unknown);

68.  Drawings by Marco Fabiano, "Women's accessory items x 3"
     (unknown);

69.  Pottery by Rina Menardi, "Menardi Cone # 57" (unknown);

70.  Pottery by Rina Menardi, "Menardi Cone # 94" (unknown);

71.  [Unknown media] by RM, "Pottery Green" (unknown);

72.  [Unknown media] by Kolene Spicher, "4 Beach Clothing"
     (unknown);

73.  [Unknown media] by Kolene Spicher, "Perfume Bottles x 4"
     (unknown);

74.  [Unknown media] by Kolene Spicher, "Series of Boats"
     (unknown);

75.  Glass coral design by unknown, "M" (unknown);

4

76. [Unknown media] by unknown, "Al Pacino and Robert DeNiro - Heat" (unknown);

77. [Unknown media] by unknown, "Audrey Hepburn - Breakfast at Tiffany's (unknown);

78. [Unknown media] by unknown, "Basket of Flowers" (unknown);

79. [Unknown media] by unknown, "Butterfly Triptych x 3" (unknown);

80. [Unknown media] by unknown, "F.T.W. St. Barth" (unknown);

81. [Unknown media] by unknown, "F.T.W. St. Barth Shoreline" (unknown);

82. Oil on canvas by unknown, "Fabrice de Villeneuve" (unknown);

83. [Unknown media] by unknown, "Fabrice de Villeneuve Sea Shells" (unknown);

84. Oil on canvas by unknown, "Fabrice de Villeneuve Still Life with Flowers" (unknown);

85. [Unknown media] by unknown, "Fabrice de Villeneuve x 4" (unknown);

86. Group of 4 photographs by unknown, "Flowers" (unknown);

87. [Unknown media] by unknown, "Flowers (Group of 4 unframed paintings)" (unknown);

88. [Unknown media] by unknown, "Glass Bowl Brown/Blue" (unknown);

89. Oil on mesonite by unknown, "Landscape" (unknown);

90. Pottery: 2 Grey, 1 White Vessels by unknown, "Rose" (unknown);

91. [Unknown media] by unknown, "St. Barth/FWI Beach" (unknown);

92. Wood by unknown, "Two Oval Containers" (unknown);

93. [Unknown media] by unknown, "Umbrella at the Beach" (unknown);

5

94.  Photograph mounted on aluminum by unknown, "Untitled"
     (unknown);

95.  [Unknown media] by unknown, "WG - 718] A, B, & C" (unknown);

96.  [Unknown media] by unknown, "St. Barth/FEW 2004" (unknown);
     and

97.  Photograph by Liz Smith, "Dreier" (unknown);

## SCHEDULE 2

1.   ABM Janitorial Svcs Neast Inc.

2.   ADP, Inc.

3.   Advantage Title Agency, Inc.

4.   Aetna

5.   Aldine Legal Supply Co, Inc.

6.   All County Legal Support

7.   American Conference Institute

8.   American Express

9.   AT&T Mobility

10.  Audio Command System, Inc.

11.  Best Kar Transportation, Inc.

12.  Bloomberg L.P.

13.  Bronstein, Van Veen & Schuck, LLC

14.  Canon Business Solutions - East, Inc.

15.  Canon Financial Services

16.  Chai Lifeline

17.  Chase Home Finance

18.  CIT Technology Financial Service, Inc.

19.  CitiStorage, LLC

20.  CLSS-NationWide Service Center (NWSC)

21.  Corporate Coffee Systems

22.  Cort Furniture Rental

23.  Dietl International Services, Inc.

24.  Dr. Benjamin Goldberg

25.  Eastern Farms, Inc./dba Delmonico

26.  Elite Limousine Plus Inc.

27.  Epic Staffing Services

28.  Exponent, Inc.

29.  FedEx

30.  FileBank, Inc.

31.  First Reporting Corporation

32.  Gardell Wynne Sewell LLP

33.  Globe Storage & Moving Co., Inc.

34.  Greenfield Sacks Gallery

35.  Hawthorne Investigations & Security, Inc

36.  Hines 499 Park Avenue LLC

37.  Information Management Network

38.  Interior Foliage Design Inc.

39.  J.C. Professional Publications

40.  Johnsen, Fretty & Co., LLC

41.  Kasowitz, Benson, Torres & Friedman, LLP

42.  Koppers Building Holdings, Inc.

43.  Landmark Square 1-6 LLC

44.  Landstar Title Agency, Inc.

45.  Lehr Construction Corp.

46.  Lincoln Life & Annuity Company of NY

47.  Louis M. Dubin

2

48.  Lucas Group

49.  Mark Limousine, Inc.

50.  New York Hotel Traders Council Health Benefits Fund

51.  NYC Department of Finance

52.  Oxford Health Plans

53.  Paul, Weiss, Rifkind, Wharton & Garrison LLP

54.  PR Newswire Association, LLC

55.  SeamlessWeb Professional Solutions, Inc.

56.  Seraglini Christophe

57.  The Aventus Group

58.  The Edgemont Group

59.  The Estate of Herbert Gallen

60.  U.S. Patent & Trademark Department

61.  U.S. Postal Service

62.  Wachovia Bank Commercial Loan

63.  Wachovia Financial Services, Inc.

64.  Waldorf Astoria

65.  W.B. Mason Company, Inc.

66.  Westlaw

67.  XYZ Two Way Radio Service, Inc.

68.  Yorkson Legal Inc.

69.  Zurich American Insurance Company

70.  Amaranth Partners, LLC

71.  Concordia Advisors, LLC

3

72.  Context Capital Management, LLC

73.  Eton Park Asset Management, LLC

74.  Fortress Credit Corporation, LLC

75.  GSO Capital Partners, LP

76.  Adrian and Sonia Kingshott

77.  Meyer & Co., LLC

78.  Novator Credit

79.  The Patriot Group, LLC

80.  Perella Weinberg Partners

81.  Verition Fund Management, LLC

82.  Westford Global Asset Management, LLC