NIEHAUS LLP
Paul R. Niehaus (PN-3994)
1359 Broadway, Suite 2001
New York, New York  10018
(212) 631-0223

Attorneys for the Official Committee
of Unsecured Creditors of Dreier LLP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
| In re: | : | Chapter 11 |
| | : | |
| DREIER LLP, | : | Case No.08-15051 (SMB) |
| | : | |
| Debtor. | : | |
| | : | |
---------------------------------------------------------x
| OFFICIAL COMMITTEE OF UNSECURED | : | |
| CREDITORS OF DREIER LLP, | : | Adv. Pro. No. 10- |
| | : | |
| Plaintiff, | : | |
| | : | **COMPLAINT** |
| -against- | : | |
| | : | |
| SARMA MELNGAILIS, | : | |
| | : | |
| Defendant. | : | |
---------------------------------------------------------x

## COMPLAINT AGAINST
## SARMA MELNGAILIS

The Official Committee of Unsecured Creditors of Dreier LLP (the "Plaintiff"), on behalf

of the estate of Dreier LLP (the "Debtor" or "Dreier LLP") by and through its Special Litigation

Counsel, Niehaus LLP, as and for its complaint against defendant Sarma Melngailis

("Defendant"), alleges and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to the provisions of 28 U.S.C. §§ 1334(a) and (b) and the General Referral Order of the United States District Court for the Southern District of New York, dated July 10, 1984.  This Court has *in personam* jurisdiction over Defendant pursuant to the applicable Bankruptcy Rules and New York Civil Practice Law and Rules ("CPLR"), including sections 301 and 302 of the CPLR, as well as the facts set forth herein.

2. Venue is proper pursuant to the provisions of 28 U.S.C. § 1409(a).

3. This proceeding is a core proceeding as described and defined under and pursuant to the provisions of 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).

## PARTIES

4. Debtor is a New York limited liability partnership, with its principal offices formerly located at 499 Park Avenue, New York, New York.

5. On December 30, 2008, the United States Trustee appointed Sheila M. Gowan as the chapter 11 trustee (the "Trustee") for the Debtor.

6. The Plaintiff is the statutory committee of unsecured creditors appointed by the Office of the United States Trustee on January 8, 2009 in accordance with section 1102 of the Bankruptcy Code.

7. Defendant is a former client of Dreier LLP with, upon information and belief, a place of business, One Lucky Duck Holdings, LLC, located at 126 East 19th Street – 1st Floor  New York, New York 10003.

## PROCEDURAL BACKGROUND

8. On December 16, 2008 (the "Petition Date"), Dreier LLP filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

9. By Stipulation and Order, So Ordered by the Court on May 21, 2009, the Trustee for the Debtor assigned to the Committee the right to pursue and collect, including standing to litigate on behalf of the Debtor's estate, certain of the Debtor's accounts receivable (collectively, the "Hourly Receivables"), and the funds sought herein are identified as an Hourly Receivable therein.

10. By Order of the Court dated August 24, 2009, the Court authorized the Committee to retain Niehaus LLP as special litigation counsel to pursue the Hourly Receivables, including the Hourly Receivable sought herein.

## FACTUAL BACKGROUND

11. Dreier LLP was a New York City-based law firm with offices in Stamford, Connecticut, Los Angeles and Santa Monica, California, and Albany, New York.

12. Defendant is a former client of Dreier LLP's, upon information and belief beginning as early as January 2008 and continuing through the Petition Date.

13. At all times relevant herein, Defendant engaged and retained Dreier LLP for the purpose of receiving certain legal services from Dreier LLP.

14. From at least January 2008 through the Petition Date, Defendant requested that Dreier LLP perform certain legal services for her benefit.

15. Dreier LLP provided Defendant with the legal services in accordance with her request.

16. Dreier LLP provided various legal services to and for the benefit of Defendant in various matters.

17. Defendant agreed to pay Dreier LLP at its customary billing rates and to pay disbursements arising out of the legal services which Dreier LLP provided.

18. Dreier LLP billed Defendant for legal services and disbursements incurred on Defendant's behalf during the period described in paragraph 12 above, as set forth in the invoices ("Invoices") itemized in Schedule "A" hereto.

19. Dreier LLP's outstanding Invoices to Defendant total $56,445.00 for legal services rendered to Defendant, and, to date, Defendant has not paid the outstanding balance on the Invoices, and the Invoices remain open and unpaid.

20. Dreier LLP and the Plaintiff have made demand upon Defendant for payment on the Invoices; however, to date, Defendant has refused to make payment on any of the outstanding balance owed to Dreier LLP.

21. Despite due demand, Defendant has failed and refused to pay Dreier LLP the outstanding balance of $56,445.00.

**FIRST CLAIM FOR RELIEF:**
**DECLARATION THAT THE PAYMENTS DUE AND OWED ARE**
**PROPERTY OF THE ESTATE (11 U.S.C. § 541)**

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 above, with the same force and effect as if set forth at length herein.

23. Pursuant to Bankruptcy Code § 541(a)(1), property of the estate is defined to consist of all legal or equitable interests of the debtor in property as of the commencement of the case.

24. Therefore, the payments due and owing by Defendant to the Debtor in the sum of $56,445.00 are property of the Debtor's estate.

25. Plaintiff is entitled to a declaration that the payments due and owing by Defendant in the sum of $56,445.00 are property of Dreier LLP's estate pursuant to 11 U.S.C. § 541.

## SECOND CLAIM FOR RELIEF:
## TURN OVER OF THE PAYMENTS DUE AND OWED AS
## PROPERTY OF THE ESTATE (11 U.S.C. § 542)

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 above, with the same force and effect as if set forth at length herein.

27. Defendant has failed and refused to turn over the payments due and owed to the Debtor in the sum of $56,445.00, despite due demand therefor.

28. Pursuant to Bankruptcy Code § 542, Defendant shall deliver to Dreier LLP's estate, and account for, such property or the value of such property, unless such property is of inconsequential value.

29. Pursuant to Bankruptcy Code § 542, Dreier LLP is entitled to immediate turn over of the payment due and owed in the sum of $56,445.00 because it is property of Dreier LLP's estate as defined under Bankruptcy Code § 541.

30. As a result of the foregoing, Plaintiff requests that the Court enter a judgment in favor of Dreier LLP's estate as against Defendant in the sum of $56,445.00, plus interest thereon.

### THIRD CLAIM FOR RELIEF: <br> ACTION FOR UNJUST ENRICHMENT

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 above, with the same force and effect as if set forth at length herein.

32. From approximately January 2008, through and including the Petition Date, Dreier LLP conferred a benefit upon Defendant by rendering legal services to Defendant equal to the total value of $56,445.00, of which amount Defendant has not paid the sum of $56,445.00.

33. Defendant, without objection, knowingly and willingly accepted the benefit of Dreier LLP's legal services.

34. By virtue of the foregoing, Defendant has been unjustly enriched in the amount of $56,445.00, the agreed price and the reasonable value of the legal services provided by Dreier LLP and the disbursements that Dreier LLP expended in rendering said legal services.

35. As a result of the foregoing, Dreier LLP has been damaged in the sum of $56,445.00 and requests that the Court enter a judgment in favor of Plaintiff as against Defendant in the sum of $56,445.00, plus interest thereon.

### FOURTH CLAIM FOR RELIEF: <br> ACTION FOR QUANTUM MERUIT

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 above, with the same force and effect as if set forth at length herein.

37. From approximately January 2008 through and including the Petition Date, Dreier LLP rendered legal services to Defendant, the fair and reasonable value of which services is $56,445.00.

38. Defendant has failed to pay the balance of Dreier LLP's invoices due in the sum of $56,445.00.

39. Defendant, without objection, knowingly and willingly accepted the benefit of Dreier LLP's legal services.

40. Dreier LLP, in rendering such legal services and through Defendant's actions, reasonably expects and expected to be paid for the value of the services rendered and seeks to recover in *quantum meruit*.

41. As a result thereof, Defendant owes Dreier LLP's estate the sum of $56,445.00.

42. As a result of the foregoing, Dreier LLP has been damaged in the sum of $56,445.00 and requests that the Court enter a judgment in favor of Plaintiff as against Defendant in the sum of $56,445.00, plus interest thereon.

## FIFTH CLAIM FOR RELIEF: BREACH OF CONTRACT

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42, with the same force and effect as if set forth at length herein.

44. Pursuant to the agreement of the parties herein, Defendant is obligated to pay Dreier LLP the sum of $56,445.00 for legal services rendered by Dreier LLP to Defendant, at Defendant's specific request.

45. Defendant's continued failure to pay Dreier LLP the sum of $56,445.00 for legal services that Dreier LLP rendered to Defendant is a continuing breach of the agreement into which Dreier LLP and Defendant entered.

46. No part of the said $56,445.00 has been paid although payment has been due and duly demanded, resulting in a balance due and owing to Dreier LLP's estate of $56,445.00.

47. As a result of Defendant's breach, Dreier LLP has been damaged in the sum of $56,445.00 and requests that the Court enter a judgment in favor of Plaintiff as against Defendant in the sum of $56,445.00, plus interest thereon.

### SIXTH CLAIM FOR RELIEF:
### BREACH OF IMPLIED CONTRACT

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 47, with the same force and effect as if set forth at length herein.

49. Defendant, by its actions, impliedly agreed that Dreier LLP would be paid for the legal services that Dreier LLP rendered at Dreier LLP's customary billing rates.

50. Defendant's continued failure to pay Dreier LLP the sum of $56,445.00 for legal services that Dreier LLP rendered is a continuing breach of the implied agreement into which Dreier LLP and Defendant entered.

51. No part of the said $56,445.00 has been paid although payment has been due and duly demanded, resulting in a balance due and owing to Dreier LLP's estate of $56,445.00.

52. As a result of the foregoing, Dreier LLP has been damaged in the sum of $56,445.00 and requests that the Court enter a judgment in favor of Plaintiff as against Defendant in the sum of $56,445.00, plus interest thereon.

### SEVENTH CLAIM FOR RELIEF:
### ACCOUNT STATED

53. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52, with the same force and effect as if set forth at length herein.

54. From on or about January 2008 through on or about February 2009, Dreier LLP sent periodic statements to Defendant totaling $56,445.00.

55. The periodic statements sent by Dreier LLP were received and accepted by Defendant without protest or objection.

56. As a result of the foregoing, an account was stated between Dreier LLP and the Defendant for the sum of $56,445.00 which sum Defendant failed and refused to pay to Dreier LLP despite demands for payment.

57. Plaintiff seeks judgment against Defendant in the aggregate amount of $56,445.00, plus interest from the date each account statement became past due.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter (i) an order directing the Defendant to turn over the payments in the amount of $56,445.00, (ii) an order entering judgment in favor of Plaintiff as against Defendant in the sum of $56,445.00, plus interest thereon, and (iii) an order granting Plaintiff its costs and expenses, including legal fees, in this matter, together with such other, further, and different relief as the Court deems just and proper.

Dated: April 9, 2010
New York, New York

NIEHAUS LLP

Paul R. Niehaus (PN-3994)
1359 Broadway, Suite 2001
New York, New York  10018
(212) 631-0223
*Attorneys for Plaintiff*