UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                  :
In re:                                            :        Chapter 11
                                                  :
DREIER LLP,                                       :        Case No.  08-15051 (SMB)
                                                  :
                                                  :
                    Debtor.                       :
----------------------------------------------------------------x

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
PURSUANT TO 11 U.S.C. § 1129 AND FED. R. BANKR. P. 3020
CONFIRMING SECOND AMENDED PLAN OF LIQUIDATION
OF DREIER LLP JOINTLY PROPOSED BY THE CHAPTER 11
TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS PURSUANT TO CHAPTER 11 OF THE
<u>UNITED STATES BANKRUPTCY CODE</u>**

# TABLE OF CONTENTS

FINDINGS AND CONCLUSIONS ......................................................................................3

1.  Exclusive Jurisdiction; Venue; Core Proceeding
    (28 U.S.C. §§ 157 (b)(2), 1334(a)) ...............................................................3

2.  Commencement ...........................................................................................3

3.  Burden of Proof............................................................................................4

4.  Solicitation and Notice.................................................................................4

5.  Voting ..........................................................................................................5

6.  Classes Deemed to Have Accepted the Plan................................................5

7.  Classes Deemed to Have Rejected the Plan.................................................5

8.  Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)) .............5

9.  Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)) ...............................5

10. Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)) ...................6

11. Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)) ..................6

12. No Discrimination (11 U.S.C. § 1123(a)(4)) ...............................................6

13. Implementation of Plan (11 U.S.C. § 1123(a)(5)) .......................................6

14. Charter of Debtor (11 U.S.C. § 1123(a)(6)).................................................6

15. Selection of Trustees, Member and Manager (11 U.S.C. § 1123(a)(7)).......................6

16. Payment to Creditors from Personal Services (11 U.S.C. § 1123(a)(8)).......................7

17. Additional Plan Provisions (11 U.S.C. § 1123(a))........................................7

18. Sale of Individual Property (11 U.S.C. § 1123(c)) .......................................7

19. Cure of Defaults (11 U.S.C. § 1123(d))........................................................7

20. Plan Compliance with Bankruptcy Rule 3016(a) .........................................7

21. Plan Proponents' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)) ..........7

22. Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)) ..................................................8

23. Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)) .....................8

24. Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)) ...........................................8

25. No Rate Changes (11 U.S.C. § 1129(a)(6)) ...................................................................9

26. Best Interests of Creditors (11 U.S.C. § 1129(a)(7)) .....................................................9

27. Acceptance of Certain Cases (11 U.S.C. § 1129(a)(8)) ..................................................9

28. Treatment of Administrative, Priority Tax and Priority None-Tax Claims
    (11 U.S.C. § 1129(a)(3)) ...............................................................................................10

29. Acceptance by an Impaired Class (11 U.S.C. § 1129(a)(10)) .....................................11

30. Feasibility (11 U.S.C. § 1129(a)(11)) ..........................................................................11

31. Payment of Fees (11 U.S.C. § 1129(a)(12)) .................................................................11

32. Retiree Benefits (11 U.S.C. § 1129(a)(13)) .................................................................11

33. Domestic Support Obligations (11 U.S.C. § 1129(a)(14)) ..........................................11

34. Payment of Disposable Income (11 U.S.C. § 1129(a)(15)) .........................................12

35. Transfer of Property by Nonprofit Entities (11 U.S.C. § 1129(a)(16)) .......................12

36. Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)) ........................12

37. Confirmation of One Plan ............................................................................................12

38. Principal Purpose of the Plan (11 U.S.C. § 1129(d)) ...................................................13

39. Good Faith Solicitation (11 U.S.C. § 1125(e) .............................................................13

40. Rejection of Contracts and Leases ...............................................................................13

41. Injunctions and Exculpations .......................................................................................13

42. Satisfaction of Confirmation Requirements .................................................................13

43. Retention of Jurisdiction ..............................................................................................14

ORDER ..............................................................................................................14

1. Objections ......................................................................................14

2. Confirmation ..................................................................................14

3. Appointment of Plan Administrator...............................................14

4. Appointment of Plan Oversight Committee ...................................14

5. Binding Effect ................................................................................14

6. Distributions...................................................................................15

7. Delivery of Distributions ...............................................................15

8. Reserve for Administrative Claims................................................16

9. Reserve for Disputed Claims .........................................................16

10. Establishment of Unsecured Creditor Fund...................................16

11. Rejecting of Executory Contracts and Unexpired Leases
(11 U.S.C. § 1123(b)(2)) ...............................................................16

12. Preservation of Insurance...............................................................16

13. Settlements and Retention of Causes of Action.............................17

14. Governmental Approvals Not Required .........................................17

15. Final Fee Applications/Administrative Expense Claims ................17

16. Injunctions......................................................................................18

17. Provisions of Plan and Confirmation Order Non-Severable and Mutually
Dependent .......................................................................................20

18. Automatic Stay................................................................................20

19. Notice of Entry of Confirmation Order, Occurrence of Effective Date, Administrative
Claims Bar Date and Rejection Damages Bar Date........................21

20. Closing of the Case ........................................................................21

21. Retention of Jurisdiction ................................................................21

22. Post-Confirmation Requirements.......................................................................23

23. Applicable Non-Bankruptcy Law ......................................................................23

24. Validity and Enforceability...............................................................................23

25. Further Actions; Implementation......................................................................23

26. Conflicts between Confirmation Order and Plan..............................................24

27. Reference to and Validity and Enforceability of Plan Provisions ...................24

28. Record Closed...................................................................................................24

29. Final Order .......................................................................................................25

Exhibits:

A:      Second Amended Plan of Liquidation of Dreier LLP Jointly Proposed by the Chapter 11
        Trustee and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the
        United States Bankruptcy Code

B:      Form of Notice of Entry of Confirmation Order, Occurrence of Effective Date,
        Administrative Claims Bar Date and Rejection Damages Bar Date

Sheila M. Gowan, the chapter 11 trustee (the "<u>Trustee</u>" or "<u>Chapter 11 Trustee</u>") for

Dreier LLP (the "<u>Debtor</u>" or "<u>DLLP</u>"), and the Official Committee of Unsecured Creditors (the

"<u>Creditors' Committee</u>" and, collectively referred to herein with the Trustee, the "<u>Plan</u>

<u>Proponents</u>"), having submitted (i) the *Second Amended Plan of Liquidation of Dreier LLP*

*Jointly Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors*

*Pursuant to Chapter 11 of the United States Bankruptcy Code*, dated February 11, 2014 [Docket

No. 1848] (together with any subsequent modifications, the "<u>Plan</u>"), (ii) the *Second Amended*

*Disclosure Statement for Plan of Liquidation of Dreier LLP Jointly Proposed by the Chapter 11*

*Trustee and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the United*

*States Bankruptcy Code*, dated February 11, 2014 (together with any subsequent modifications,

the "<u>Disclosure Statement</u>") [Docket No. 1850], (iii) the *Supplement to the Second Amended*

*Plan of Liquidation of Dreier LLP Jointly Proposed by the Chapter 11 Trustee and the Official*

*Committee of Unsecured Creditors Pursuant to Chapter 11 of the United States Bankruptcy*

*Code* dated April 16, 2014 [Docket No. 1909] (the "<u>Plan Supplement</u>"), (iv) the *Declaration of*

*Sheila M. Gowan In Support of Entry of an Order Confirming the Second Amended Plan of*

*Liquidation of Dreier LLP Jointly Proposed by the Chapter 11 Trustee and the Official*

*Committee of Unsecured Creditors* dated April 16, 2014 (the "<u>Gowan Declaration</u>") [Docket No.

1910], (v) the *Declaration of Yale Scott Bogen In Support of Entry of an Order Confirming the*

*Second Amended Plan of Liquidation of Dreier LLP Jointly Proposed by the Chapter 11 Trustee*

*and the Official Committee of Unsecured Creditors* dated April 14, 2014 (the "<u>Bogen</u>

<u>Declaration</u>") [Docket No. 1911], (vi) the *Declaration of Craig E .Johnson of the Garden City*

*Group, Inc. Certifying the Solicitation of, and Methodology for the Tabulation of Votes on and*

*Results of Voting, with Respect to the Second Amended Plan of Liquidation of Dreier LLP Jointly*

*Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* dated April 16, 2014 (the "Voting Declaration") [Docket No. 1912], and (vii) the *Memorandum of Law in Support of Entry of an Order Confirming the Second Amended Plan of Liquidation of Dreier LLP Jointly Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Memorandum of Law") [Docket No. 1913]; and the Court having previously entered the *Order Approving (I) Disclosure Statement, (II) Form and Manner of Notices, (III) Form of Ballots and (IV) Solicitation Materials and Solicitation Procedures* (the "Solicitation Procedures Order") [Docket No. 1847]; and a hearing pursuant to section 1128 of Title 11, United States Code (the "Bankruptcy Code") to consider confirmation of the Plan having been held before the Bankruptcy Court on April 24, 2014 (the "Confirmation Hearing"), after due notice to holders of Claims[1] against and Interests in the Debtor, and to other parties in interest, in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Bankruptcy Court having considered the Plan, the Disclosure Statement, the Plan Supplement, the Gowan Declaration, the Bogen Declaration, the Voting Declaration, the Memorandum of Law, and other papers in support of the Plan and all objections and responses thereto; and the appearances of all interested parties having been noted in the record of the Confirmation Hearing; and the Bankruptcy Court having considered all of the evidence adduced and arguments of counsel at the Confirmation Hearing, and all of the proceedings had before this Court; and upon the record of the Confirmation Hearing, the Bankruptcy Court having found and determined that the Plan is in the best interests of the Debtor, its Estate, and holders of Claims and Interests, and that it should be confirmed as reflected by this Court's rulings made herein and at the Confirmation Hearing; and after due

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

deliberation and sufficient cause appearing therefor, the Court hereby FINDS, DETERMINES, AND CONCLUDES that:

## FINDINGS AND CONCLUSIONS

The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

1.    <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>

This Court has exclusive jurisdiction over this chapter 11 case pursuant to sections 157 and 1334 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). Venue of this chapter 11 case is properly in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code. The Debtor is properly a debtor under section 109 of the Bankruptcy Code. The Chapter 11 Trustee and the Creditors' Committee are proper proponents of the Plan under section 1121(a) of the Bankruptcy Code.

2.    <u>Commencement</u>

On the December 16, 2008 (the "<u>Petition Date</u>"), the Receiver filed a voluntary petition for relief on behalf of the Debtor under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Case</u>").

3.    <u>Burden of Proof</u>

The Plan Proponents have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of evidence.

4.    <u>Solicitation and Notice</u>

Pursuant to the Solicitation Procedures Order, as evidenced by the Voting Declaration, on February 21, 2014, the Plan Proponents commenced their solicitation (the "<u>Solicitation</u>") of votes on the Plan by mailing to the members of Class 4, a package containing (a) the Disclosure Statement; (b) the Plan; (c) a ballot, substantially in the form approved by the Solicitation Procedures Order, (d) the Solicitation Procedures Order; (e) the Confirmation Hearing Notice (as defined in the Solicitation Procedures Motion); (f) a letter from the Creditors' Committee recommending that holders of Class 4 General Unsecured Claims vote in favor of the Plan; and (g) an Internal Revenue Service Form W-9 (collectively, the "<u>Solicitation Package</u>"). Transmittal and service of the Solicitation Package to holders of Class 4 claims was adequate and sufficient, and no other or further notice is or shall be required.

In addition, as required by the Solicitation Procedures Order, as evidenced by the Voting Declaration, on February 21, 2014, holders of unclassified claims and Class 1, Class 2 and Class 3 claims were mailed a package containing (a) the Confirmation Hearing Notice; (b) the Notice of Non-Voting Status for Class 1, Class 2 and Class 3 (as applicable), substantially in the form annexed to the Solicitation Procedures Motion as Exhibit C to holders of unclassified claims and holders of Class 1, Class 2 and Class 3 claims; and (c) an Internal Revenue Service Form W-9. Transmittal and service of said materials to holders of unclassified claims and holders of claims in Class 1, 2 and 3 was adequate and sufficient, and no other or further notice is or shall be required.

Further, as required by the Solicitation Procedures Order, as evidenced by the Voting Declaration, on February 21, 2014, holders of Class 5 Interests were mailed a package containing (a) the Confirmation Hearing Notice; and (b) the Notice of Non-Voting Status for Class 5, substantially in the form annexed to the Solicitation Procedures Motion as Exhibit D.

4

Transmittal and service of said materials to holders of Class 5 Interests was adequate and sufficient, and no other or further notice is or shall be required.

     5.    <u>Voting</u>

As evidenced by the Voting Declaration, Class 4, which is the only class entitled to vote on the Plan, has voted to accept the Plan.

     6.    <u>Classes Deemed to Have Accepted the Plan</u>

Class 1, Class 2 and Class 3 are unimpaired and are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

     7.    <u>Classes Deemed to Have Rejected the Plan</u>

Class 5 is not to receive or retain property under the Plan and is deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

     8.    <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>

The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

     9.    <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>

In addition to the Professional Fee Claims, the Trustee Commission, Administrative Claims (other than Professional Fee Claims) and Priority Tax Claims, which need not be designated pursuant to section 1123(a)(1) of the Bankruptcy Code, the Plan designates four (4) classes of Claims and one (1) class of Interests.  The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests.  The Plan therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

10.     <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>

Article 3 of the Plan specifies that Class 1, Class 2 and Class 3 are unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

11.     <u>Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>

Article 3 of the Plan designates Class 4 and Class 5 as impaired.  Article 4 of the Plan specifies the treatment of Class 4 Claims and Class 5 Interests, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

12.     <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>

The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

13.     <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>

Article 5 of the Plan provides adequate and proper means for the Plan's implementation. The Plan Proponents are authorized to implement the Plan in accordance with its terms.

14.     <u>Charter of Debtor (11 U.S.C. § 1123(a)(6))</u>

The Debtor is not a corporation; therefore, section 1123(a)(6) of the Bankruptcy Code is not applicable.

15.     <u>Selection of Trustees, Member and Manager (11 U.S.C. § 1123(a)(7))</u>

The Plan contemplates that Sheila M. Gowan will serve as Plan Administrator after the Effective Date.  The Plan has been jointly proposed by the Chapter 11 Trustee and the Creditors' Committee, which selected Ms. Gowan to serve as Plan Administrator because of her extensive knowledge of the Debtor and its financial affairs, which satisfies section 1123(a)(7) of the Bankruptcy Code.

16.    <u>Payment to Creditors from Personal Services (11 U.S.C. § 1123(a)(8))</u>

The Debtor is not an individual; therefore, section 1123(a)(8) of the Bankruptcy Code is not applicable.

17.    <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>

The Plan's discretionary provisions are appropriate and are not inconsistent with the Bankruptcy Code.

18.    <u>Sale of Individual Property (11 U.S.C. § 1123(c))</u>

The Debtor is not an individual; therefore, section 1123(c) is not applicable.

19.    <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>

To the extent that any defaults are cured, the cure amounts will be determined by any underlying agreement and applicable nonbankruptcy law.

20.    <u>Plan Compliance with Bankruptcy Rule 3016(a)</u>

The Plan is dated and identifies the entities submitting the Plan as the Chapter 11 Trustee and the Creditors' Committee, thereby satisfying Bankruptcy Rule 3016(a).

21.    <u>Plan Proponents' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>

The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  Specifically:

a)    The Debtor is a proper debtor under section 109 of the Bankruptcy Code.

b)    On December 16, 2008, the Receiver filed a voluntary chapter 11 petition pursuant to section 301 of the Bankruptcy Code.

c)    The Court has jurisdiction over the Debtor's Chapter 11 Case.

d)    Venue of this Chapter 11 Case is proper in this district pursuant to 28 U.S.C. § 1408.

e)    The Plan Proponents are proper proponents pursuant to section 1121(a) of the Bankruptcy Code.

f)    The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in all respects, and with the Solicitation Procedures Order with respect to transmitting the Plan and the Disclosure Statement and related documents soliciting votes on the Plan.

22.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>

The Plan Proponents have proposed the Plan (including the Plan Supplement and all other documents necessary to effectuate the Plan) in good faith, to wit, to maximize the value of the Debtor's estate and to effect the Debtor's liquidation, and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

23.    <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>

The Plan provides that any payment made or to be made by the Debtor's estate for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable.    Accordingly, section 1129(a)(4) of the Bankruptcy Code is satisfied.

24.    <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>

The Plan contemplates the liquidation and dissolution of the Debtor without the appointment of any director, officer or insider following the confirmation of the Plan.  The Plan provides that Sheila M. Gowan will be appointed as Plan Administrator after the Effective Date, and for the appointment of a 3-member Plan Oversight Committee, the members of which shall be Steven J. Reisman, solely in his capacity as the Postconfirmation Representative of the Estates of 360networks (USA) Inc., *et al.*, Steven Sass, and Thomas Kraemer, which appointments are consistent with section 1129(a)(5) of the Bankruptcy Code.

25.     <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>

Section 1129(a)(6) of the Bankruptcy Code is not applicable because no governmental

regulatory commission has jurisdiction over the Debtor's rates or any change thereof.

26.     <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>

The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  The liquidation analysis

provided as <u>Exhibit F</u> to the Disclosure Statement (a) is persuasive and credible, (b) has not been

controverted by other evidence, and (c) establishes that each holder of an impaired Claim or

Interest either has accepted the Plan or will receive or retain under the Plan, on account of such

Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount

that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the

Bankruptcy Code on such date. The docket of the Chapter 11 Case does not reflect an election by

any class pursuant to § 1111(b)(2) of the Bankruptcy Code.

27.     <u>Acceptance of Certain Classes (11 U.S.C. § 1129(a)(8))</u>

Class 1 (Wells Fargo Superpriority Claim), Class 2 (Secured Claims) and Class 3

(Priority Non-Tax Claims) are unimpaired and are conclusively presumed to have accepted the

Plan under section 1126(f) of the Bankruptcy Code.  Class 4 (General Unsecured Claims) has

voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code as set forth

in the Voting Declaration.  Class 5 (Interests) is not to receive or retain property under the Plan

and is therefore presumed to have rejected the Plan under section 1126(g) of the Bankruptcy

Code.  Because not all impaired class of claims and interests have accepted the Plan, the

requirements of section 1129(a)(8) of the Bankruptcy Code have not been met, thus requiring

compliance with section 1129(b) of the Bankruptcy Code.

28.    <u>Treatment of Administrative, Priority Tax and Priority Non-Tax Claims
(11 U.S.C. § 1129(a)(9))</u>

The treatment of Administrative Claims pursuant to section 2.2 of the Plan complies with section 1129(a)(9)(A) of the Bankruptcy Code because the Plan provides for all Allowed Administrative Claims (i.e., claims arising under sections 507(a)(2)  and § 507(a)(3) of the Bankruptcy Code) to be paid: (a) in full in Cash as soon as practicable after the later of (i) the Effective Date and (ii) the date on which such Claim becomes an Allowed Administrative Claim, or upon such other terms as may be agreed to by the holder of such Allowed Administrative Claim; or (b) such lesser amount as the holder of such Allowed Administrative Claim might otherwise agree.

The treatment of Non-Tax Priority Claims under section 4.3 of the Plan complies with section 1129(a)(9)(B) of the Bankruptcy Code because the Plan provides for all Allowed Non-Tax Priority Claims (i.e., claims arising under sections 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code), to be paid: (a) in full in Cash as soon as practicable after the later of (i) the Effective Date and (ii) the date on which such Claim becomes an Allowed Claim, or upon such other terms as may be agreed to by the holder of such Allowed; or (b) such lesser amount as the holder of such Allowed Non-Tax Priority Claim might otherwise agree.

The treatment of Priority Tax Claims under section 2.4 of the Plan complies with section 1129(a)(9)(C) of the Bankruptcy Code because the Plan provides for all Allowed Priority Tax Claims (i.e., claims arising under sections 507(a)(8) of the Bankruptcy Code), to be paid: (a) in full in Cash  as soon as practicable after the later of (i) the Effective Date and (ii) the date on which such Claim becomes an Allowed Claim, or upon such other terms as may be agreed to by the holder of such Allowed; or (b) such lesser amount as the holder of such Allowed Priority Tax Claim might otherwise agree.

29.     <u>Acceptance by an Impaired Class (11 U.S.C. § 1129(a)(10))</u>

At least one Class of Claims against the Debtor that is impaired under the Plan has accepted the Plan (Class 4), determined without including any acceptance of the Plan by any insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

30.     <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>

The feasibility requirement of section 1129(a)(11) of the Bankruptcy Code is not applicable, because the Plan provides for the complete liquidation of the Debtor's estate for the benefit of creditors that hold Claims against the Debtor.

To the extent applicable, based upon reliable and credible evidence presented at the Confirmation Hearing, the Plan Administrator will be able to make, or cause to be made, the distributions required under the Plan, and will be able to perform her obligations under the Plan following the Effective Date.   Therefore, section 1129(a)(11) of the Bankruptcy Code is satisfied.

31.     <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>

All fees payable under section 1930 of title 28 of the United States Code, as determined by the Bankruptcy Court on the Confirmation Date, have been paid or will be paid, on and after the Effective Date, and thereafter as may be required until entry of a final decree with respect to the Debtor, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

32.     <u>Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>

The Debtor has no obligation to provide any retiree benefits, and accordingly, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

33.     <u>Domestic Support Obligations (11 U.S.C. § 1129 (a)(14))</u>

The Debtor is not required to pay any domestic support obligations; therefore, section 1129(a)(15) of the Bankruptcy Code does not apply.

34.    <u>Payment of Disposable Income (11 U.S.C. § 1129(a)(15))</u>

The Debtor is not an individual; therefore, section 1129(a)(15) of the Bankruptcy Code does not apply.

35.    <u>Transfer of Property by Nonprofit Entities  (11 U.S.C. § 1129(a)(16))</u>

The Debtor is not a nonprofit entity, and accordingly, section 1129(a)(16) is not applicable.  Notwithstanding, to the extent applicable, the Plan provides that all transfers of property under the Plan shall be made in accordance with any applicable nonbankruptcy law, and therefore, section 1129(a)(16) is satisfied.

36.    <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>

Class 5 (Interests) is an impaired class that is deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Pursuant to section 1129(b) of the Bankruptcy Code, the Court finds that the Plan does not discriminate unfairly and is fair and equitable with respect to Class 5.  Specifically, with respect to Class 5: (a) since there is no Class junior to Class 5, no holder of any Claim or Interest that is junior to the Interests in Class 5 will receive or retain any property under the Plan on account of such junior claim or interests; and (b) as demonstrated by the Liquidation Analysis annexed to the Disclosure Statement, the Interests in Class 5 have no value.  Thus, the Plan may be confirmed pursuant to section 1129(b) of the Bankruptcy Code, notwithstanding that section 1129(a)(8) of the Bankruptcy Code is not satisfied.

37.    <u>Confirmation of One Plan.</u>

The Plan is the only plan filed in this Chapter 11 Case.  Accordingly, section 1129(c) of the Bankruptcy Code is not applicable.

38.    <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>

The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77(e)).  Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

39.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>

The exculpation provisions set forth in section 8.4 of the Plan are consistent with section 1125(e) of the Bankruptcy Code because they are limited to the extent permitted by that section of the Bankruptcy Code.

40.    <u>Rejection of Contracts and Leases</u>

The Plan's treatment regarding the rejection of executory contracts and unexpired leases in Article 6 of the Plan is in compliance with the requirements of sections 365(b) and 1123(b)(2) of the Bankruptcy Code and is a reasonable exercise of sound business judgment, and in each case is in the best interests of the Debtor and the Estate.

41.    <u>Injunctions and Exculpations</u>

Each of the injunction provisions set forth in section 8.1 of the Plan and the exculpation provision set forth in section 8.4 of the Plan: (i) is within the jurisdiction of the Court under 28 U.S.C. § 1334, (ii) is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code, (iii) confers a material benefit on, and is in the best interests of, the Debtor, its Estate and its Creditors and holders of Interests, (iv) is important to the overall objectives of the Plan and (v) is consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code.

42.    <u>Satisfaction of Confirmation Requirements</u>

The Plan satisfies all applicable requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

43.     Retention of Jurisdiction

The Bankruptcy Court may properly retain jurisdiction over the matters set forth in section 11.1 of the Plan and section 1142 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     Objections

All Objections to the Plan that have not been withdrawn, waived or settled, and all reservations of rights pertaining to confirmation of the Plan, are overruled on the merits.

2.     Confirmation

The Plan, in the form annexed hereto as **Exhibit A** is hereby confirmed pursuant to section 1129 of the Bankruptcy Code.

3.     Appointment of Plan Administrator

The appointment of Sheila M. Gowan as Plan Administrator shall become effective on the Effective Date.

4.     Appointment of Plan Oversight Committee

The appointment of Steven J. Reisman, solely in his capacity as the Postconfirmation Representative of the Estates of 360networks (USA) inc., *et al.*, Steven Sass, and Thomas Kraemer as the members of the Plan Oversight Committee shall become effective on the Effective Date.

5.     Binding Effect

The Plan and its provisions shall be binding upon the Debtor, any Person acquiring or receiving property or a distribution under the Plan, and any holder of a Claim against or Interest in the Debtor, including all governmental entities (including without limitation all taxing authorities), whether or not the Claim or Interest of such holder is impaired under the Plan,

whether or not the Claim or Interest is Allowed, and whether or not such holder or entity has accepted the Plan.

The rights, benefits and obligations of any Person named or referred to in the Plan, or whose actions may be required to effectuate the terms of the Plan, shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Person.

The terms and provisions of the Plan and this order shall survive and remain effective after entry of any order which may be entered closing the Chapter 11 Case, dismissing the Chapter 11 Case or converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, and the terms and provisions of the Plan shall continue to be effective in this or any superseding case under the Bankruptcy Code.

6.    Distributions

Distributions to be made on account of Claims that are Allowed Claims as of the Effective Date shall be made on the Effective Date or as soon thereafter as is practicable and in accordance with the Plan.  The Plan Administrator shall make all distributions required to be made under the Plan except as otherwise specifically provided therein.

7.    Delivery of Distributions

Subject to Bankruptcy Rule 9010, all distributions to any holder of an Allowed Claim or Interest shall be made at the address set forth on the Schedules filed with the Bankruptcy Court or on the books and records of the Debtor or their agents, unless the Plan Proponents have been notified in writing of a change of address, including by the Filing of a Proof of Claim or Administrative Claim that contains an address for a holder of a Claim or Interest different from the address for such holder reflected on any Schedule.

8.    Reserve for Administrative Claims

On or before the Effective Date, the Plan Administrator shall establish and maintain the Administrative Reserve as required by and in accordance with the Plan.

9.    Reserve for Disputed Claims

On or before the Effective Date, the Plan Administrator shall establish and maintain the Disputed Claims Reserve as required by and in accordance with the Plan. The Disputed Claims Reserve shall be treated as a disputed ownership fund, within the meaning of Treasury Regulation section 1.468B-9, for all purposes associated with taxation.

10.    Establishment of Unsecured Creditor Fund

On or before the Effective Date, the Plan Administrator shall establish and maintain the Unsecured Creditor Fund as required by and in accordance with the Plan.

11.    Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2))

Any and all prepetition unexpired leases or executory contracts (not otherwise previously rejected or the subject of a motion to reject pending on the Confirmation Date), are deemed rejected by the Debtor as of the Confirmation Date. Any party asserting damages for such rejection shall file a Proof of Claim for such damages within thirty (30) days from the Confirmation Date. Failure to timely file a Proof of Claim by such date constitutes a waiver of any Claim in connection with the rejection of such contract or lease.

12.    Preservation of Insurance

The Plan shall not diminish or impair the enforceability of any insurance policy, right or claim that may cover Claims against the Debtor or any other person or entity. Likewise, the Plan and this order shall not impair any insurance carrier's rights, claims, defenses or disputes under any policy and shall not act to increase or extend any rights of the Debtor or the carriers.

13.     <u>Settlements and Retention of Causes of Action</u>

The Plan provides for the retention of claims and causes of action of the Debtor's estate, which claims and causes of action retained by the estate are specified in Exhibits B, C, D and E of the Disclosure Statement.  The Plan also provides that the Plan Administrator will prosecute the claims and causes of action following the Effective Date (as defined by the Plan).  In addition, the Plan provides for the retention of jurisdiction by the Bankruptcy Court until the Chapter 11 Case is closed to, *inter alia*, hear and determine compromises and settlements of the Causes of Action, and to enter orders granting releases, injunctions and exculpations similar to those granted by the Bankruptcy Court in settlements approved prior to the Confirmation Date.  The retention of the claims and causes of action by the Estate, the prosecution of the claims and causes of action by the Plan Administrator, and the retention of jurisdiction by the Bankruptcy Court to approve settlements of claims and causes of action is appropriate, is not inconsistent with the Bankruptcy Code, and is permissible pursuant to 11 U.S.C. § 1123(b), and is therefore approved.

14.     <u>Governmental Approvals Not Required</u>

This order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

15.     <u>Final Fee Applications/Administrative Expense Claims</u>

Requests for payment of Fee Claims incurred through the Effective Date must be filed and served on the (a) counsel for the Chapter 11 Trustee; (b) counsel for the Creditors'

Committee; (c) the U.S. Trustee, and (d) all persons who have filed a notice of appearance in the Chapter 11 Case no later than thirty (30) days after the Effective Date.

Requests for payment of Administrative Claims (except for Fee Claims) must be filed and served on the (a) counsel for the Chapter 11 Trustee; (b) counsel for the Creditors' Committee; (c) the U.S. Trustee, and (d) all persons who have filed a notice of appearance in the Chapter 11 Case, no later than thirty (30) days after the Effective Date (the "Administrative Claims Bar Date").  Any Person that is required to file and serve a request for payment of an Administrative Claim and fails to timely file and serve such request, shall be forever barred, estopped and enjoined from asserting such Claim or participating in distributions under this Plan on account thereof.  Objections to requests for payment of Administrative Claims (except for Fee Claims) must be filed and served on the party requesting payment of an Administrative Claim within thirty (30) days after the filing of such request for payment.

16.    Injunctions

As set forth in Article 8 of the Plan and this Confirmation Order and to the fullest extent authorized or provided by the Bankruptcy Code, including section 1141 thereof, upon the entry of this order, and provided that the Effective Date occurs, and at all times on and after the Effective Date, all Persons that have held, currently hold or may hold a claim or other debt or liability against or interests in the Debtor or its Estate, are permanently enjoined from (a) commencing or continuing any judicial or administrative proceeding or employing any process against the Debtor, the Estate, or the Plan Administrator, with the intent or effect of interfering with the consummation and implementation of this Plan and the transfers, payments and Distributions to be made hereunder; and from the (b) (i) enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order; (ii) the creation, perfection or enforcement of any encumbrance of any kind; and/or (iii) the assertion of any right

18

of setoff, counterclaim, exculpation, or subrogation, in each case against the Debtor, its Estate, the Plan Administrator, or the Plan Oversight Committee (and its members) to the fullest extent authorized or provided by the Bankruptcy Code, *provided*, *however*, nothing in Article 8 of the Plan shall prohibit any Person from taking actions to enforce any rights or obligations under or in connection with the terms of the Plan, or this Confirmation Order; *and provided further*, however, nothing in this Confirmation Order or the Plan shall effect a release of any claim by the United States Government or any of its agencies or any state and local authority whatsoever, including without limitation any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the Debtor, nor shall anything in this order or the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action or other proceedings against the Debtor for any liability whatsoever, including without limitation any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state or local authority.

Notwithstanding anything to the contrary contained in the Plan, this Confirmation Order (including the Plan injunction contained herein) and any exhibits and documents relating to the foregoing (collectively, the "Plan Documents"), in connection with (i) any post-confirmation objections to any proofs of claim previously filed by the potential unfinished business defendants identified on Schedule D to the Second Amended Disclosure Statement approved by an order of this Court dated February 13, 2014 (the "Unfinished Business Defendants"); and (ii) any claim or action asserted against or relating to the Unfinished Business Defendants or any firm with which an Unfinished Business Defendant may have been affiliated following his or her employment with DLLP:  (a) the definition or use of the term "Partner" in the Plan Documents

19

shall not constitute a factual or legal determination as to the nature or capacity of any Unfinished

Business Defendant's relationship with DLLP; (b) the Unfinished Business Defendants shall not

be estopped, enjoined or foreclosed in any way from asserting any defense, including, without

limitation, any right of setoff, counterclaim (for purpose of setoff only), recoupment,

exculpation, or subrogation, which any of the Unfinished Business Defendants may choose to

assert, and (c) the Trustee, the Creditors' Committee, and the Plan Administrator, and all

successors and assigns of the foregoing, waive the right to withhold distributions to Class 3

priority wage claims held by any of the Unfinished Business Defendants based on the potential

assertion of an unfinished business claim against such Unfinished Business Defendants and/or

the application of section 502(d) of the Bankruptcy Code.  The provisions of this paragraph shall

be binding upon all parties in interest, including without limitation, the Debtor and its estate, the

Trustee, the Creditors' Committee, and the Plan Administrator, and all successors and assigns of

the foregoing.  However, nothing contained in this paragraph shall prejudice the rights of the

estate, the Trustee, the Creditors' Committee, the Plan Administrator, and all successors and

assigns of the foregoing from asserting any claim or action on account of unfinished business

claims against any person, which rights are expressly reserved.

17.   <u>Provisions of Plan and Confirmation Order Non-Severable and Mutually
Dependent</u>

The provisions of the Plan and this order, including the findings of fact and conclusions

of law set forth herein, are non-severable and mutually dependent.

18.   <u>Automatic Stay</u>

The automatic stay provided for under section 362 of the Bankruptcy Code shall remain

in effect until the Effective Date.

19.    Notice of Entry of Confirmation Order, Occurrence of Effective Date, Administrative Claims Bar Date and Rejection Damages Bar Date

Pursuant to Bankruptcy Rules 2002(f), 2002(k) and 3020(c), on or before the tenth (10th) day following the Effective Date, the Plan Proponents shall electronically file with the Court and serve notice of entry of this order and occurrence of the Effective Date by causing notice of entry of this order, occurrence of the Effective Date, Administrative Claims Bar Date and Rejection Damages Bar Date in substantially the same form as attached hereto as **Exhibit B** (the "Notice of Confirmation"), to be delivered to (i) all known holders of Claims and Interests (including those whose claims are unimpaired, as well as impaired, by the Plan), (ii) all known non-Debtor counterparties to executory contracts and unexpired leases, (iii) applicable taxing authorities, (iv) the U.S. Trustee, and (v) the United States (in accordance with Bankruptcy Rule 2002(j)) and all known parties in interest by first-class mail, postage prepaid.  The notice described herein is adequate and no other or further notice is necessary.  The form of Notice of Confirmation substantially in the form annexed hereto as **Exhibit B** is approved.

20.    Closing of the Case

The Chapter 11 Case shall be closed following the consummation of the Plan upon further application and approval of the Court.

21.    Retention of Jurisdiction

Following the Effective Date, the Court shall retain jurisdiction over the Chapter 11 Case to the maximum extent legally permissible, including, without limitation, for the following purposes:

(a) to hear and determine any and all objections to the allowance of any Claim or Administrative Claim, or any controversy as to the classification of Claims or any matters which

may directly, indirectly or contingently affect the obligations of the Debtor or the Plan Administrator to any Creditors, holders of Claims, or other parties in interest;

(b) to hear and determine any and all applications for compensation and reimbursement of expenses by Professionals or the Trustee;

(c) to hear and determine any and all pending motions for the assumption or rejection of executory contracts and unexpired leases, and to fix any Claims resulting therefrom;

(d) to adjudicate through final judgment such contested matters and adversary proceedings as may be pending or subsequently initiated in the Court including, but not limited to, the Causes of Action and claims related to Unfinished Business and the Disputed Funds. For the avoidance of doubt, the Bankruptcy Court shall retain jurisdiction to hear and determine compromises and settlements of any and all Causes of Action, including, but not limited to those Causes of Action set forth in the Exhibits to the Disclosure Statement, and to enter orders granting releases, injunctions, and exculpations similar in scope to the releases, injunctions, and exculpations granted by orders of the Bankruptcy Court in settlements approved prior to the Confirmation Date.

(e) to enforce and interpret the provisions of this Plan, the Confirmation Order and the Plan Administrator Agreement;

(f) to hear and determine any matters relating to the appointment and replacement of the Plan Administrator or the Plan Oversight Committee;

(g) to issue any injunction or other relief appropriate to implement the intent of the Plan, and to enter such further orders enforcing any injunctions or other relief issued under the Plan or pursuant to the Confirmation Order;

(h) to modify the Plan pursuant to section 1127 of the Bankruptcy Code and applicable Bankruptcy Rules;

(i) to correct any defect, cure any omission, or reconcile any inconsistency between the Plan, the Plan Administrator Agreement, or this Confirmation Order as may be necessary to carry out the purposes and the intent of the Plan;

(j) to interpret and determine such other matters as the Confirmation Order may provide for, or as may be authorized under the Bankruptcy Code;

(k) to enter and implement such orders as may be appropriate in the event the Confirmation Order is, for any reason, stayed, reversed, revoked, modified or vacated.

22.    <u>Post-Confirmation Requirements</u>

The Plan Administrator shall file quarterly status reports following the Effective Date and shall pay all fees due under 28 U.S.C. § 1930 until the Chapter 11 Case is closed.

23.    <u>Further Actions; Implementation</u>

The Plan Proponents, as applicable, are authorized and directed to execute, deliver, file or record such documents, contracts, instruments, releases and other agreements and take such other or further actions as may be necessary to effectuate or further evidence the terms and conditions of the Plan.

24.    <u>Conflicts between Confirmation Order and Plan</u>

In the event of a conflict between the terms of the Plan and any contract, instrument, release or other agreement or document created or entered into in connection with the Plan, the terms of the Plan shall control over any such documents.  In the event of a conflict between the terms of the Plan or any contract, instrument, release or other agreement or document entered into in connection with the Plan, on the one hand, and the terms of this Confirmation Order, on the other hand, the terms of this Confirmation Order shall control.  In the event of a conflict

between the information contained in the Disclosure Statement, on the one hand, and the terms

of the Plan, this Confirmation Order or any contract, instrument, release or other agreement or

document entered into in connection with the Plan, on the other hand, the Plan, this Confirmation

Order or any contract, instrument, release or other agreement or document entered into in

connection with the Plan (as the case may be) shall control.

25.      <u>Reference to and Validity and Enforceability of Plan Provisions</u>

The failure to reference any particular provision of the Plan in this order shall not impair,

prejudice, waive or otherwise affect the binding effect, enforceability or legality of such

provisions, and such provisions shall have the same binding effect, enforceability or legality as

every other provision of the Plan and this order.  Each term and provision of the Plan, as it may

have been altered or interpreted by this Court, is valid and enforceable pursuant to its terms.

26.      <u>Record Closed</u>

The record of the Confirmation Hearing is hereby closed.

27.      <u>Final Order</u>

This order is a final order and the period in which an appeal must be filed shall

commence upon the entry hereof.

Dated:        New York, New York
              April 28th, 2014

                                 /s/ STUART M. BERNSTEIN
                                 UNITED STATES BANKRUPTCY JUDGE