UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re:                                                      :          **Chapter 11**
                                                            :
    **DREIER LLP,**                      :          **Case No. 08-15051 (SMB)**
                                                            :
          **Debtor.**   :
------------------------------------------------------------x

**DECLARATION OF SHEILA M. GOWAN, PLAN ADMINISTRATOR
FOR DREIER LLP, IN SUPPORT OF NOTICE OF PRESENTMENT
OF STIPULATION AND ORDER SETTLING POTENTIAL CLAIMS
BY PLAN ADMINISTRATOR FOR THE POST-CONFIRMATION
CHAPTER 11 ESTATE OF DREIER LLP AGAINST PATRICIA ROSITO VAGO**

Sheila M. Gowan, in her capacity as Post-Confirmation Plan Administrator for Dreier LLP (the "Plan Administrator"), declares as follows:

1.    I make the following statements based on my personal knowledge and upon my review of books and records in the possession of Dreier LLP ("DLLP" or "Debtor").

2.    I am the Post-Confirmation Plan Administrator for DLLP pursuant to this Court's April 28, 2014 order approving the Second Amended Plan of Liquidation of Dreier LLP Jointly Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the United States Bankruptcy Code.

3.    I respectfully submit this declaration in support of the Notice of Presentment of Stipulation and Order Settling Potential Claims by the Plan Administrator for the Post-Confirmation Chapter 11 Estate of Dreier LLP Against Patricia Rosito Vago ("Vago") (the "Stipulation and Order"), which was filed with the Court on June 26, 2015. For the following reasons, I believe that the settlement set forth in the Stipulation and Order is reasonable and in the best interest of the DLLP estate.

4.    Based upon my review of records and conversations with Marc S. Dreier

("MSD"), it is my understanding that, during the period September 2006 to March 2007, MSD directed certain transfers (the "Transfers"), totaling Three Hundred One Thousand Nine Hundred Seventy-Six United States Dollars and Fifty Cents ($301,976.50), from the account of the Debtor bearing the account number 000036502055966 to Vago, in connection with MSD's personal business investments.

5.    Through my investigation conducted in my capacity as Plan Administrator, I have concluded that the Transfers are fraudulent transfers subject to avoidance pursuant to chapter 5 of the Bankruptcy Code.

6.    By tolling agreements entered between myself, as Plan Administrator, and Vago, the time to commence any action for recovery of the Transfers has been tolled until July 15, 2015.

7.    Vago, the transferee of the potentially fraudulent transfers, is a resident of Buenos Aires, Argentina and has no place of business in New York.  Accordingly, any litigation to recover the Transfers would likely be time-consuming and expensive for the estate due to the need to seek enforcement of any future judgment against Vago in Argentina by an Argentinian court of competent jurisdiction.  In addition, Vago disputes that all of the Transfers related to MSD's personal investments, and that at least some of them were related to expense payments that DLLP was obligated to pay Vago in connection with the Argentine Bond Case.

8.    The settlement set forth in the Stipulation and Order (the "Settlement") contemplates that the Debtor, acting through the Plan Administrator, Vago, and her law firm Estudio Rosito Vago & Associados (the "Vago Firm") will resolve the potential fraudulent transfer claims on a final basis for a settlement amount of One Hundred Thirty-Seven Five Hundred United States Dollars ($137,500) to be paid to the Debtor by Milberg LLP ("Milberg"),

2

counsel for Vago in connection with the Argentine Bond Case, from proceeds that otherwise would be paid by Milberg to the Vago Firm pursuant to the Client Representation, Transfer and Assignment Agreement entered into as of June 24, 2009 (Dkt. No. 276-3) and approved by this Court on August 5, 2009 (Dkt. No. 307-1), which concerned certain claims against the Republic of Argentina.

9.      The Settlement was the product of arm's length negotiations that occurred over a period of many months.  In light of the anticipated cost to the DLLP estate to litigate this matter to conclusion, I believe, in the exercise of my business judgment, that the Settlement is both reasonable and appropriate and in the best interest of the DLLP estate.

10.      I, therefore, respectfully request that the Court approve the settlement in its entirety.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 26, 2015
New York, New York

/s/ Sheila M. Gowan
Sheila M. Gowan

3