**KLESTADT WINTERS JURELLER**
 **SOUTHARD & STEVENS, LLP**
Sean C. Southard
Brendan M. Scott
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

*Attorneys for Sheila M. Gowan, in her capacity*
*as Plan Administrator for the Post-Confirmation*
*Chapter 11 Estate of Dreier LLP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                                        :
                                                              :    Chapter 11
        DREIER LLP,                                           :
                                                              :    Case No. 08-15051 (DSJ)
                        Debtor.                               :
---------------------------------------------------------------x

**TWENTY-SECOND POST-CONFIRMATION REPORT OF**
**SHEILA M. GOWAN, AS PLAN ADMINISTRATOR,**
**CONCERNING ACTIVITY THROUGH DECEMBER 31, 2021**

TO   THE HONORABLE DAVID S. JONES,
     UNITED STATES BANKRUPTCY JUDGE:

Sheila M. Gowan (the "Plan Administrator"), in her capacity as Plan Administrator for the post-confirmation estate (the "Estate") of Dreier LLP ("DLLP"), by her attorneys, Klestadt Winters Jureller Southard & Stevens, LLP, as and for her twenty-second report on post-confirmation activity of the Estate through December 31, 2021 (the "Twenty-Second Report")[1], respectfully sets forth the following:

---

[1] The Plan Administrator's First Report was filed with the Court on October 15, 2014 [DE 2022], the Second Report was filed on February 2, 2015 [DE 2065], the Third Report was filed on May 19, 2015 [DE 2137], the Fourth Report was filed on August 3, 2015 [DE 2168], the Fifth Report was filed on October 30, 2015 [DE 2186], the Sixth Report was filed on January 19, 2016 [DE 2199], the Seventh Report was filed on April 19, 2016 [DE 2211], the Eighth Report was filed on July 21, 2016 [DE 2215], the Ninth Report was filed on October 24, 2016 [DE 2223], the Tenth Report was filed on January 27, 2017 [DE 2227], the Eleventh Report was filed on April 21, 2017 [DE 2229], the

## BACKGROUND

1.   The United States Bankruptcy Court for the Southern District of New York (the "Court") entered its *Findings of Fact, Conclusions of Law, and Order Pursuant to 11 U.S.C. § 1129 and Fed. R. Bankr. P. 3020 Confirming Second Amended Plan of Liquidation of Dreier LLP Jointly Proposed By the Chapter 11 Trustee and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the United States Bankruptcy Code* on April 29, 2014 [DE 1921] ("Confirmation Order").  Thereafter, the Effective Date[2] of the *Second Amended Plan of Liquidation of Dreier LLP Jointly Proposed By the Chapter 11 Trustee and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the United States Bankruptcy Code* [DE 1848] ("Plan") occurred on May 13, 2014.  On May 23, 2014, the Court entered an *Order Approving Post-Confirmation Timetable As Required By Local Bankruptcy Rule 3021-1(a)* [DE 1938] (the "Timetable Order").

2.   In accordance with the provisions of the Confirmation Order, and Plan Administrator Agreement (together, the "Plan Documents"), the Plan Administrator was given certain powers, authority and responsibilities.

3.   Under the Plan Documents, the Plan Administrator was authorized, among other things, to take or cause to be taken all actions pursuant to the provisions of the Plan and the Plan Administrator Agreement as necessary to secure the effective implementation of the Plan, including but not limited to establishing and maintaining bank Accounts, Reserves and Escrows and making Distributions on account of Allowed Claims.

---

Twelfth Report was filed on July 18, 2017 [DE 2231], the Thirteenth Report was filed on November 15, 2017 [DE 2233], the Fourteenth Report was filed on January 23, 2018 [DE 2236], the Fifteenth Report was filed on July 24, 2018 [DE 2237], the Sixteenth Report was filed on January 23, 2019 [DE 2239], the Seventeenth Report was filed on October 2, 2019 [DE 2241], the Eighteenth Report was filed on January 22, 2020 [DE 2243], the Nineteenth Report was filed on July 28, 2020 [DE 2247], the Twentieth Report was filed on January 26, 2021 [DE 2249], and the Twenty-First Report was filed on July 21, 2021 [DE 2254], as discussed *infra*.

[2] Capitalized terms not define herein shall have the meaning given to them in the Plan.

2

4. The Plan Documents also require the Plan Administrator to file reports with the Court until a final decree has been entered closing the chapter 11 case detailing the actions taken by her and the progress made toward the consummation of the Plan (each, a "Post-Confirmation Report"). Also, pursuant to Section 5.19 of the Plan, the Plan Administrator must file, not less than every one-hundred and eighty (180) days, all post-Effective Date reports required during such periods with the U.S. Trustee.

5. To date, the Plan Administrator has filed twenty-one Post-Confirmation Reports. The following constitutes the Plan Administrator's Twenty-Second Report and is intended to comply with her obligations pursuant to all Plan Documents.

A. **Remaining Litigation and Receivables**

i. Avoidance Action

6. As set forth in the Second Report, on November 24, 2014, the Court entered an order pursuant to section 105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 authorizing and approving the settlement of adversary proceeding no. 10-05447, captioned *Sheila M. Gowan, as Plan Administrator, v. Westford Asset Management LLC, et al.* Pursuant to the terms of the settlement agreement (the "Settlement Agreement"), which was approved by the Court, the Plan Administrator and certain of the defendants filed with the Court the following stipulations calling for the entry of judgment against those defendants (the "Settling Defendants"):

a. Stipulation for Entry of Judgment Against Defendant Westford Special Situations Master Fund, LP;

b. Stipulation for Entry of Judgment Against Defendant Epsilon Global Master Fund, L.P.; and

c. Stipulation for Entry of Judgment Against Defendant Epsilon Global Master Fund II, L.P.

3

7. On December 31, 2014, the Court entered final judgments (bearing interest at the rate of 4% per annum) in favor of the Plan Administrator and against the Settling Defendants in the following amounts:

  a. Westford Special Situations Master Fund, LP, in the amount of $14,071,400.00;

  b. Epsilon Global Master Fund, L.P., in the amount of $8,597,400.00; and

  c. Epsilon Global Master Fund II, L.P., in the amount of $9,531,200.00 (collectively, the "Westford Judgments").

8. Under the stipulations and the terms of the Settlement Agreement, the Plan Administrator agreed to forbear execution of the Westford Judgments until the earlier to occur of (i) December 31, 2020 or (ii) the date that an Event of Default (as defined in the Settlement Agreement) occurs (the "Forbearance Period"). All claims against all remaining defendants were dismissed with prejudice.

9. Pursuant to the Settlement Agreement, interest accrued on the Westford Judgments at the rate of 4% per annum during the Forbearance Period. The first interest payment, in the approximate amount of $6,000,000.00 was due on December 31, 2019. The Settling Defendants have defaulted on the first interest payment as well as on the Westford Judgments, together with the additional/accrued interest.

10. On or about February 6, 2020, the Plan Administrator moved this Court by Order to Show Cause for the appointment of a receiver for the Settling Defendants as permitted by the Security Agreements entered into by the parties.

11. On February 18, 2020, this Court entered an order appointing Eric B. Fisher as the Receiver for the Settling Defendants.

12. Mr. Fisher filed the Receiver's first status report on March 19, 2020, the second status report on January 12, 2021, the third status report on April 6, 2021, the fourth status report on July 26, 2021, the fifth status report on October 5, 2021, and the sixth status report on January 7, 2022.

13. The Plan Administrator is in communication with the Receiver and his counsel regarding the Settling Defendants' default, and the Receiver's efforts.

ii. Receivables

14. The Plan Administrator continues to monitor the following contingency fee matter in which the Estate has an interest in any fee awarded due to the pre-petition work performed by DLLP on the case: Allan Applestein, as Trustee for the benefit of DCA Grantor Trust (the "Argentine Bond Case").

15. Overall, there remains one (1) bondholder claim that the Estate has an interest in. While the Plan Administrator and her counsel will continue to monitor this case, the Plan Administrator does not expect the Estate to receive any recovery from this remaining case.

16. As set forth in a Seventeenth Status Report, during the last quarter of 2017, the Plan Administrator received a Court approved assignment from the Marc S. Dreier chapter 7 estate of a receivable from a royalty judgment (the "Royalty Judgment") obtained by that estate in litigation it brought in the state of California. The Royalty Judgment is for a modest amount and continues to be payable over time as the underlying royalties are received. In May 2019, the Plan Administrator received sixteen (16) royalty payments totaling $23,893.65 and in October 2019, the Plan Administrator received eight (8) royalty payments totaling $7,406.65. In June 2020, the Plan Administrator received eight (8) royalty payments totaling $14,290.14. In May 2021, the Plan Administrator received seven (7) royalty payments totaling $4,574.87. A dispute

5

arose with regard to a third-party claim to certain royalty payments, and the Plan Administrator retained counsel in California who successfully represented her in resolving that matter in California State Court. The remaining total value of the judgments as of December 10, 2021 is $134,314.71. The judgments expire 10 years from the date of entry, which was September 26, 2023. The Plan Administrator has asked California counsel to renew the judgments prior to September 26, 2023.

### B. Remaining Reserve Funds

17. In accordance with the terms of the Plan and the Timetable Order, and in connection with the Plan Administrator's efforts to make timely initial distributions as set forth in the Timetable Order, the Plan Administrator continues to maintain an Unsecured Creditor Fund. Following the payment to Wells Fargo in March of 2021 as described in greater below, the Plan Administrator closed the Wells Fargo Reserve.

### C. Distributions

18. As set forth in the First Report, beginning on August 29, 2014, the Plan Administrator made distributions of approximately $13.8 Million to or for the benefit of the holders of Allowed Claims in Class 3 (Priority Claims) and Class 4 (General Unsecured Claims) (the "Initial Distributions").

19. As set forth in the Second Report, subsequent to the date on which the Initial Distributions were made, the Plan Administrator reached a resolution with the holders of numerous Disputed Claims in Class 3 and Class 4. As a result, the Plan Administrator made supplemental distributions to holders of such claims in order to ensure that they received the same treatment as claimants who received the Initial Distributions.

6

20. During the fourth quarter of 2015, the Plan Administrator made a second distribution of approximately $10 Million to or for the benefit of the holders of Allowed Claims in Class 4 (General Unsecured Claims) (the "Second Interim Distributions"). Of this total amount, approximately $156,000.00 was paid to secured creditor Wells Fargo Bank, N.A. ("Wells Fargo") on account of its Unsatisfied Deficiency Claim.

21. As set forth in the Tenth Report, during the fourth quarter of 2016, the Plan Administrator paid approximately $1.7 million to Wells Fargo on account of its interest in the Argentine Bond Case.

22. In March of 2017, the Plan Administrator paid approximately $500,000 to Wells Fargo on account of its interest in the Argentine Bond Case.

23. In October of 2017, the Plan Administrator paid approximately $600,000 to Wells Fargo on account of its interest in the Vivendi Case.

24. In December of 2017, the Plan Administrator made a third distribution of approximately $6.7 million to or for the benefit of holders of Allowed Claims in Class 4 (General Unsecured Claims) (the "Third Interim Distributions"). In early 2018, the Plan Administrator also made a "catch up" distribution to certain creditors whose payments were not included in the December 2017 distribution.

25. To date, the Plan Administrator has made distributions to the holders of Allowed Claims in Class 4 (General Unsecured Claims) in the amount of ten percent (10%).

26. On January 10, 2018, the Plan Administrator paid approximately $393,000 to Wells Fargo on account of its interest in the Merck & Co., Inc. Securities Litigation (Vioxx).

27. In March of 2021, the Plan Administrator paid $200,000 to Wells Fargo on account of its Superpriority Claim and Unsatisfied Deficiency Claim in full satisfaction of Wells Fargo's interest in the Disputed Funds.

**D. Future Case Activities**

28. All of the litigations brought by the Plan Administrator have been resolved, except for the collection of the Westford Judgments. At this juncture, and after significant effort by both the Plan Administrator and the Receiver, the Plan Administrator believes that the prospects for collection of the Westford Judgments in the near term is bleak. Accordingly, the Plan Administrator and the Receiver are exploring steps to close the receivership.

29. All of the receivables due the Estate and sought by the Plan Administrator have been collected, except the Royalty Judgment and the one remaining Argentine Bond case, collection of which as noted infra is unlikely All the Disputed Claims have been resolved.

30. Given the above, the Plan Administrator is also exploring steps to close the bankruptcy estate.

31. In making the Third Interim Distributions, the Plan Administrator exercised her professional business judgment to distribute to the creditors the bulk of the remaining funds in the Estate.

**E. Total Quarterly Disbursements**

32. The Plan Administrator is current with all quarterly fees owing to the Office of the United States Trustee.

33. For purposes of calculating quarterly fees, the Plan Administrator states that during the period from July 1, 2021 through September 30, 2021, she made total disbursements of $14,611.80. Based upon these disbursements, the Plan Administrator paid $250 in quarterly

8

fees to the Office of the U.S. Trustee on account of this period of activity. During the period from October 1, 2021 through December 31, 2021, she made total disbursements of $2,854.96. Based upon these disbursements, the Plan Administrator will pay $250 in quarterly fees to the Office of the U.S. Trustee on account of this period of activity.

Dated:  New York, New York
February 2, 2022

           KLESTADT WINTERS JURELLER
           SOUTHARD & STEVENS, LLP

By: */s/ Sean C. Southard*
    Sean C. Southard
    Brendan M. Scott
    200 West 41st Street, 17th Floor
    New York, NY 10036
    Tel: (212) 972-3000
    Fax: (212) 972-2245
    Email: ssouthard@klestadt.com
           bscott@klestadt.com

*Attorneys for Sheila M. Gowan, in her capacity as Plan Administrator for the Post Confirmation Chapter 11 Estate of Dreier LLP*